IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02673-CMA-KLM

ALLYSON PHARR, an individual residing in Louisiana,
THE ESTATE OF BELDON E. FOX, JR., an estate pending in Louisiana, and
BELDON AND COMPANY, INC., a Louisiana corporation,

      Plaintiffs,

v.

HERBERT WHALEN, an individual residing in Colorado, and
DONNA WHALEN, a individual residing in Colorado,

      Defendants.
_____

### ORDER APPOINTING FORENSIC ACCOUNTANT
_____

      This matter is before the Court on the parties' **Joint Status Report Regarding Court-Appointed Forensic Accountant** [Docket No. 19; Filed February 8, 2011]. Pursuant to agreement of the parties and for good cause shown,

      IT IS HEREBY **ORDERED** as follows:

1. Lisa A. Meer, CPA, Adam Newman, CPA, and Crowe Horwath, P.C. (cumulatively, the "Forensic Accountant") are hereby appointed to serve as forensic accountants in the above-captioned case pursuant to Fed. R. Evid. 706.

2. The Forensic Accountant shall review financial records and other documents of Alpine Investors, LLC ("Alpine"), including but not limited to the Operating Agreement of Alpine, all financial records of Alpine from 2005 to the present, all tax returns of Alpine from 2005 to the present, all tax returns of Defendants Herbert and Donna Whalen from 2005 to the present, all documents evidencing recent payments from Vail Associates to Alpine or the Whalens, and if necessary, all financial records of the Beaver Creek General Store from 2005 to the present.  The Forensic Accountant shall also review the Complaint and Answers in this lawsuit and any Amended Complaint filed subsequent to entry of this Order.

3. At mutually convenient times, the parties shall undertake separate teleconferences with the Forensic Accountant to explain the issues that each

party would like the Forensic Accountant to analyze. Counsel for the parties shall participate in the teleconferences. Thereafter, at a time mutually agreed upon, the parties shall submit no more than five written questions to the Forensic Accountant to which she shall respond in her report. The questions shall be exchanged with the opposing parties and filed with the Court. The filings shall be captioned: "[Name of Party's] Status Report Regarding Questions to Forensic Accountant."

4. **On or before March 10, 2011**, the Forensic Accountant shall report, in writing, to the Court as to whether it is necessary to examine records which pre-date 2005 for purposes of answering the questions submitted by the parties. If so, the Forensic Accountant shall immediately be provided access to the necessary documents.

5. Within three (3) business days after receipt of the written questions addressed in paragraph 3 above, the Forensic Accountant will provide the parties and the Court with an estimated cost of conducting the investigation and preparing the report, setting forth projected total hours and expense.

6. The Forensic Accountant shall submit monthly invoices to the parties showing all costs and expenses incurred. The Plaintiffs shall pay fifty percent (50%) and the Defendants shall pay fifty percent (50%) of the invoices submitted by the Forensic Accountant.

7. Except as set forth above, *ex parte* communications between the parties, their counsel and the Forensic Accountant are not permitted.

8. The Forensic Accountant shall issue a report on or before **April 1, 2011** setting forth the findings of the Forensic Accountant in response to the questions submitted by the parties. The Court shall address any follow-up questions with the Forensic Accountant in due course.

9. Appointment of the Forensic Accountant is without prejudice to the parties' right to engage expert witnesses of their own selection in accordance with Fed. R. Evid. 706(d).

10. The Order to Show Cause [Docket No. 14; Filed January 6, 2011] is made **ABOSULTE.**

Dated: February 10, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge